IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| QUYHN NGOC HO, | § | |
| *Petitioner*, | § | |
| v. | § | CIVIL ACTION NO. 9:26-CV-00392<br>JUDGE MICHAEL J. TRUNCALE |
| ALEXANDER SANCHEZ; GABRIEL MARTINEZ; DAVID J. VENTURELLA; MARKWAYNE MULLINS; AND TODD BLANCHE, in their official capacity, | § | |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Quyhn Ngoc Ho ("Ngoc Ho")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Quyhn Ngoc Ho is a Vietnamese national. [Dkt. 1 at ¶ 1]. On February 5, 2026, United States Immigration and Customs Enforcement ("ICE") detained Ngoc Ho. *Id.* at ¶ 4.

On May 29, 2026, Ngoc Ho brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Ngoc Ho first argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Ngoc Ho were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Ngoc Ho's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Ngoc Ho's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Ngoc Ho's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Ngoc Ho's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Ngoc Ho's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Ngoc Ho's detention, but the Government's

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Ngoc Ho to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

**B. Post-Removal Detention**

Because Ngoc Ho has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention lasting six months or less is presumptively valid. *Id*. (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). If an alien is detained for more than six months post-removal, the government must demonstrate a "significant likelihood of [deportation] in the in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Ngoc Ho argues that, because he has been subject to a removal order since 2002, he has been constructively detained for longer than six months. Ngoc Ho's argument is misplaced. Although an alien subject to a removal order may be in "custody" even if not physically confined, custody and detention are distinct concepts. To raise a constitutional challenge under *Zadvydas*, an alien must be physically confined for six months or longer. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Here, Ngoc Ho has been detained for only two five. Accordingly, his challenge is premature. *See id.*

**IV. CONCLUSION**

It is therefore **ORDERED** that Ngoc Ho's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 17th day of August, 2026.**

Michael J. Truncale
United States District Judge